## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RICHARD CORMAN on his own behalf
And on behalf of all others similarly situated

29 U.S.C. § 216(b) Collective Action

     Plaintiff,

No. CIV

v.

JWS OF NEW MEXICO, INC. and
K.P. KAUFFMAN COMPANY, INC.

     Defendants.

---

### COLLECTIVE ACTION COMPLAINT FOR UNPAID OVERTIME WAGES

---

Plaintiff files this Complaint for Unpaid Overtime Wages against the above-listed Defendants.

### STATEMENT OF THE CASE

1.    Defendants refused to pay Plaintiff and all other similarly situated employees overtime wages for hours worked over forty each workweek.

2.    Defendants thus violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty (40) each workweek. 29 U.S.C. § 207.

3.    Defendants also violated the New Mexico Minimum Wage Act ("MWA"), NMSA 1978 §§ 50-4-19 *et seq.*, because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour

worked beyond forty (40) each workweek. NMSA 1978 § 50-4-22(D).

4.      Plaintiff and all those similarly situated are entitled to recover their overtime wages, liquidated damages, attorney fees and costs. 29 U.S.C. § 216; NMSA 1978 § 50-4-26.

## PARTIES, JURISDICTION, AND VENUE

5.      Plaintiff Richard Corman was employed by Defendants as a truck driver from approximately July 20, 2011 through approximately April 11, 2015.

6.      Defendant JWS of New Mexico, Inc. is an unregistered oil field services corporation doing business in New Mexico.

7.      Defendant K.P. Kauffman Company, Inc. is a foreign for-profit oil field services corporation doing business in the State of New Mexico.

8.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.

9.      This Court may exercise supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

10.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to Plaintiff's and others' claims occurred in the District of New Mexico.

## FACTUAL ALLEGATIONS

11.     Defendant JWS of New Mexico is a wholly-owned subsidiary of Defendants K.P. Kauffman Company, Inc.

12.     Defendants provide oil field services to oil production companies operating in southeast New Mexico.

13.     Defendants employed Plaintiff as a truck driver from approximately July 20, 2011 through approximately April 11, 2015.

14.     Plaintiff worked for Defendants for, on average, 100 hours each workweek driving Defendants' water and cement trucks to and from oil fields and performing other duties.

15.     Defendants paid Plaintiff $22.50 per hour for his labor.

16.     Defendants refused to pay Plaintiff overtime wages for those hours he worked beyond 40 each workweek.

17.     Defendants employ approximately 40 other truck drivers at any given time.

18.     Defendants refuse to pay all their truck driver employees overtime wages for each hour they work beyond 40 each workweek.

19.     Defendants have never paid any of their truck driver employees overtime wages.

20.     In the course of their employment, Plaintiff and Defendants' other truck driver employees handle and work on materials which had moved in interstate commerce, including water trucks, kill trucks, and truck parts.

21.     Defendants enjoy more than $500,000.00 in gross annual revenue.

**FIRST CLAIM**
**Violation of the FLSA (29 U.S.C. § 201 *et seq.*)**
**Non-Payment of Overtime Premiums**

22.     Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-21 above as if fully set forth herein.

23.     Defendants employed Plaintiff in an enterprise engaged in commerce or in the production of goods for commerce as that term is defined by the FLSA because Defendants had annual gross revenues in excess of $500,000 and employed two or more persons, including Plaintiff, who handled materials which moved in interstate commerce during each year relevant to this action. 29 U.S.C. § 203(s)(1).

24.     Plaintiff was Defendants' "employee" as that term is defined by the FLSA.  29 U.S.C. § 203(e).

25.     Defendants "employed" Plaintiff as that term is defined by the FLSA.   29 U.S.C. § 203(g).

26.     Defendants were Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

27.     Defendants violated the FLSA when they refused to pay Plaintiff overtime wages for hours worked beyond forty (40) in each given workweek. 29 U.S.C. § 207.

28.     Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

29.     Plaintiff suffered lost overtime wages and lost use of those wages in an amount to be determined at trial.

30.     Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, attorney fees and costs.  29 U.S.C. § 216(b).

**SECOND CLAIM**
**Violation of the MWA (NMSA 1978 § 50-4-22)**
**Non-Payment of Overtime Wages**

31.     Plaintiff repeats and realleges each of the allegations contained in paragraphs 1-21 above as if fully set forth herein.

32.     Defendants were Plaintiff's and others' "employer" as that term is defined

by the MWA because they employed Plaintiff and others in New Mexico. NMSA 1978 § 50-4-21(B).

33.     Plaintiff and others were Defendants' "employees" as that term is defined by the MWA because they were employed by Defendants in New Mexico. NMSA 1978 § 50-4-21(C).

34.     Defendants violated the MWA when they refused to pay Plaintiff and others overtime wages for overtime hours worked. NMSA 1978 § 50-4-22(D).

35.     Defendants' violations of the MWA constituted a continuing course of conduct. NMSA 1978 § 50-4-32.

36.     Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

37.     Plaintiff and others are entitled to recover unpaid overtime wages, liquidated damages, attorney fees and costs of the suit.  NMSA 1978 § 50-4-26.

## COLLECTIVE ACTION ALLEGATIONS

38.     Plaintiff brings his Second Claim, pursuant to the MWA, as a collective action on behalf of himself and on behalf of all similarly situated employees currently and formerly employed by Defendants. NMSA 1978 § 50-4-26(D).

39.     Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

ALL CURRENT AND FORMER TRUCK DRIVER EMPLOYEES.

40.     All potential Class Members are similarly situated because they are or were paid under Defendants' unlawful common practice, policy or plan regarding employee

wages and hours. That is, all Defendants' truck driver employees were denied overtime wages for overtime hours worked.

**WHEREFORE**, Plaintiff prays that, as to his First Claim brought under the FLSA:

    a.  He be awarded compensatory damages (29 U.S.C. § 216(b));

    b.  He be awarded liquidated damages as required by law (29 U.S.C. § 216(b));

    c.  He be awarded pre-judgment and post-judgment interest as permitted by law;

    d.  He be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

    e.  He be awarded such other and further relief as may be necessary and appropriate.

And as to his Second Claim brought under the MWA, Plaintiff prays that:

    a.  This case be certified to proceed as a collective action under NMSA 1978 § 50-4-26(D) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members;

    b.  Plaintiff and the Class be awarded compensatory damages;

    c.  Plaintiff and the Class be awarded liquidated damages as required by NMSA 1978 50-4-26(C);

    d.  Plaintiff and the Class be awarded pre-judgment and post-judgment interest as required by NMSA 1978 50-4-26(C);

    e.  Plaintiff and the Class be awarded costs and attorney fees as per NMSA 1978 50-4-26(E); and

    f.  Plaintiff and the Class be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted,


*S/ Brandt Milstein*
595 Canyon Boulevard
Boulder, CO 80302
303.440.8780
brandt@milsteinlawoffice.com

*Attorney for Plaintiff*