### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

RICHARD CORMAN on his own behalf
And on behalf of all others similarly
Situated,

      Plaintiff,

                                        Case No. 2:15-cv-00913-JB-SMV

v.

JWS OF NEW MEXICO, INC. and
K.P. KAUFFMAN COMPANY, INC.,

      Defendants.

### ANSWER (JWS OF NEW MEXICO, INC. AND K.P. KAUFFMAN COMPANY, INC.)

Defendants JWS of New Mexico, Inc. ("JWS") and K.P. Kauffman Company, Inc. ("K.P. Kauffman"), by and through their attorneys, Holland & Hart LLP, for their Answer to the Collective Action Complaint for Unpaid Overtime Wages ("the Complaint") in the above-captioned matter, hereby admit, deny, and state as follows.

### STATEMENT OF THE CASE

1.      Answering paragraph 1 of the Complaint, Defendants deny the allegations contained therein.  Defendants state that JWS was not required to pay Plaintiff and all other similarly situated employees overtime pay under either federal or state law.

2.      Answering paragraph 2 of the Complaint, Defendants deny the allegations contained therein.  Defendants state that JWS was not required to pay overtime pay to Plaintiff or its other truck drivers because it was, and is, exempt from the overtime pay requirements of the Fair Labor Standards Act ("FLSA") under the

Motor Carrier Act exemption, 29 U.S.C. §213(b)(1).  Defendants further state that the provisions of the FLSA speak for themselves, in their entirety.

3.      Answering paragraph 3 of the Complaint, Defendants deny the allegations contained therein.  Defendants state that JWS was not required to pay Plaintiff or its other truck drivers overtime pay because they were, and are, excluded from the definition of a covered employee under Section 50-4-21(C)(5) of the New Mexico Minimum Wage Act ("the NMWA"), as they were, and are, compensated on a piecework, flat rate schedule, or commission basis.

4.      Answering paragraph 4 of the Complaint, Defendants deny the allegations contained therein.

5.      Answering paragraph 5 of the Complaint, Defendants admit the allegations contained therein as to JWS, but deny such allegations as to K.P. Kauffman. Plaintiff Richard Corman ("Corman") was employed by JWS, not by K.P. Kauffman.

6.      Answering paragraph 6 of the Complaint, Defendants deny that JWS is "unregistered," but admit the remaining allegations contained therein.

7.      Answering paragraph 7 of the Complaint, Defendants deny the allegations contained therein.

8.      Answering paragraph 8 of the Complaint, Defendants admit the allegations contained therein.

9.      Answering paragraph 9 of the Complaint, Defendants admit the allegations contained therein.

10.      Answering paragraph 10 of the Complaint, Defendants admit that venue is proper in this District, but deny that any events or omissions occurred which give rise to valid claims on behalf of Plaintiff or others.

11.   Answering paragraph 11 of the Complaint, Defendants admit the allegations contained therein.

12.   Answering paragraph 12 of the Complaint, Defendants admit the allegations contained therein as to JWS, but deny such allegations as to K.P. Kauffman.

13.   Answering paragraph 13 of the Complaint, Defendants admit the allegations contained therein as to JWS, but deny such allegations as to K.P. Kauffman. Plaintiff was employed by JWS, not by K.P. Kauffman.

14.   Answering paragraph 14 of the Complaint, Defendants deny the allegations contained therein.

15.   Answering paragraph 15 of the Complaint, Defendants deny the allegations contained therein.

16.   Answering paragraph 16 of the Complaint, Defendants deny the allegations contained therein.  Defendants state that Plaintiff was employed by JWS, not K.P. Kauffman.  Defendants further state that JWS was not required to pay overtime pay to Plaintiff under either federal or state law.

17.   Answering paragraph 17 of the Complaint, Defendants deny the allegations contained therein.  All JWS truck drivers were, and are, employed by JWS, not K.P. Kauffman.  JWS further states that the number of truck drivers employed by JWS at any given time varies.

18.   Answering paragraph 18 of the Complaint, Defendants deny the allegations contained therein.  All JWS truck drivers were, and are, employed by JWS, not K.P. Kauffman.  JWS further states that it was not, and is not, required to pay its truck drivers overtime pay under either federal or state law.

19.     Answering paragraph 19 of the Complaint, Defendants admit that, on and after October 12, 2012, JWS has not paid its truck drivers overtime pay, but states that such is not required under either federal or state law.

20.     Answering paragraph 20 of the Complaint, Defendants admit the allegations contained therein as to JWS, but deny such allegations as to K.P. Kauffman. Defendants state that Plaintiff was employed by JWS, not K.P. Kauffman.

21.     Answering paragraph 21 of the Complaint, Defendants admit the allegations contained therein.

22.     Defendants hereby incorporate the admissions, denials, and statements contained in paragraphs 1 through 21 of this Answer.

23.     Answering paragraph 23 of the Complaint, Defendants admit the allegations contained therein as to JWS, but deny such allegations as to K.P. Kauffman. Defendants state that Plaintiff was employed by JWS, not K.P. Kauffman.

24.     Answering paragraph 24 of the Complaint, Defendants admit the allegations contained therein as to JWS, but deny such allegations as to K.P. Kauffman.

25.     Answering paragraph 25 of the Complaint, Defendants admit the allegations contained therein as to JWS, but deny such allegations as to K.P. Kauffman.

26.     Answering paragraph 26 of the Complaint, Defendants admit the allegations contained therein as to JWS, but deny such allegations as to K.P. Kauffman.

27.     Answering paragraph 27 of the Complaint, Defendants deny the allegations contained therein.  Defendants state that Plaintiff was employed by JWS, not K.P. Kauffman.  Defendants further state that JWS was not required to pay overtime pay to Plaintiff or its other truck drivers because it was, and is, exempt from the

4

overtime pay requirements of the FLSA under the Motor Carrier Act exemption, 29 U.S.C. §213(b)(1).

28.     Answering paragraph 28 of the Complaint, Defendants deny the allegations contained therein.

29.     Answering paragraph 29 of the Complaint, Defendants deny the allegations contained therein.

30.     Answering paragraph 30 of the Complaint, Defendants deny the allegations contained therein.

31.     Defendants hereby incorporate the admissions, denials, and statements contained in paragraphs 1 through 21 of this Answer.

32.     Answering paragraph 32 of the Complaint, Defendants deny the allegations contained therein.  Defendants state that Plaintiff and its other truck divers were, and are, employed by JWS, not K.P. Kauffman.

33.     Answering paragraph 33 of the Complaint, Defendants deny the allegations contained therein.  Defendants state that Plaintiff and its other truck divers were, and are, employed by JWS, not K.P. Kauffman.  Defendants further state that JWS was not required to pay Plaintiff and its other truck drivers overtime pay because they were, and are, excluded from the definition of a covered employee under Section 50-4-21(C)(5) of the New Mexico Minimum Wage Act ("the NMWA"), as they were, and are, compensated on a piecework, flat rate schedule, or commission basis.

34.     Answering paragraph 34 of the Complaint, Defendants deny the allegations contained therein.

35.     Answering paragraph 35 of the Complaint, Defendants deny the allegations contained therein.

36.     Answering paragraph 36 of the Complaint, Defendants deny the allegations contained therein.

37.     Answering paragraph 37 of the Complaint, Defendants deny the allegations contained therein.

38.     Answering paragraph 38 of the Complaint, Defendants admit that Plaintiff purports to bring his Second Claim, pursuant to the NMWA, as a collective action as stated, but deny that such claim is properly brought as a collective action.

39.     Answering paragraph 39 of the Complaint, Defendants admit that Plaintiff purports to define the Class as stated, but deny that such class definition is appropriate.

40.     Answering paragraph 40 of the Complaint, Defendants deny the allegations contained therein.

41.     Defendants hereby deny all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.     Defendant JWS was not, and is not, required to pay overtime pay to Plaintiff or any of its other truck drivers under the FLSA because it was, and is, exempt from such requirement under the Motor Carrier Act exemption, 29 U.S.C. §213(b)(1).

3.     Defendant JWS was not, and is not, required to pay overtime pay to Plaintiff or any of its other truck drivers under the NMWA because they were, and are, excluded from the definition of a covered employee under Section 50-4-21(C)(5) of the New Mexico Minimum Wage Act ("the NMWA"), as they were, and are, compensated on a piecework, flat rate schedule, or commission basis.

4.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

5.      Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, and unclean hands.

6.      Plaintiff's claims are barred, in whole or in part, by the acts of Plaintiff and/or any putative class members.

7.      At all times relevant hereto, Defendants acted in good faith and in compliance with all applicable laws and regulations.

8.      At all times relevant hereto, the actions of Defendants were not willful within the meaning of federal or state law.

9.      Plaintiff's claims for unpaid overtime pay should be offset, in whole or in part, by other payments made to Plaintiff and/or any putative class members.

10.     K.P. Kauffman was not Plaintiff's employer or the employer of any putative class members.

11.     Plaintiff's claims, and those of the putative class members, as defined, are not properly brought as a collective action under the NMWA.

WHEREFORE, Defendants request that Plaintiff's Complaint be dismissed and that Plaintiff recover nothing thereby; that they be awarded their attorneys' fees and costs; and that the Court grant such other and further relief as the Court deems just.

DATED:  December 18, 2015.

Respectfully submitted,

**HOLLAND & HART LLP**

By: */s/ Jeffrey T. Johnson*
Jeffrey T. Johnson, Esq.

7

Bradford J. Williams, Esq.
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, Colorado 80202
TEL:   303-295-8019
FAX:  303- 713-6202
Email:  *jjohnson@hollandhart.com*
Email:  *bjwilliams@hollandhart.com*

    and

Little V. West,  Esq.
110 N. Guadalupe, Suite 1
Post Office Box 2208
Santa Fe, New Mexico  87504-2208
TEL:   505-988-4421
FAX:  505-983-6043
Email:  *lvwest@hollandhart.com*

**ATTORNEYS FOR DEFENDANTS JWS OF NEW MEXICO, INC. AND K.P. KAUFFMAN COMPANY, INC.**

8

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2015, the foregoing Answer (JWS of New Mexico, Inc. and K.P. Kauffman Company, Inc.), was filed electronically through the CM/ECF system, which caused the following counsel of record to be served by electronic means:

Brandt Milstein – *brandt@milsteinlawoffice.com*


*/s/  Jeffrey T. Johnson*
Jeffrey T. Johnson


8300980_2